UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID I. GRAZETTE,

Plaintiff,

v.

BITCOIN OF AMERICA, et al.,

Defendants.

Case No. 19 Civ. 4837 (MKB)

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS DUNKIN' DONUTS REALTY INVESTMENT LLC, DUNKIN' BRANDS, INC., BASKIN-ROBBINS LLC, DUNKIN' DONUTS USA LLC, AND MISTER DONUT OF AMERICA LLC, IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT FILED BY PLAINTIFF DAVID I. GRAZETTE**

FRANKFURT KURNIT KLEIN & SELZ P.C.
Edward H. Rosenthal
Lily Roos
28 Liberty Street
New York, New York 10005
Tel: 212-980-0120
erosenthal@fkks.com
lroos@fkks.com

*Attorneys for Defendants Dunkin' Realty Investment LLC, Dunkin' Brands, Inc., Baskin-Robbins LLC, Dunkin' Donuts USA LLC, and Mister Donut of America LLC*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................1

BACKGROUND ....................2

LEGAL STANDARD ....................3

ARGUMENT....................4

I. THE AMENDED COMPLAINT FAILS TO STATE ANY COGNIZABLE LANHAM ACT CLAIM....................4

A. Plaintiff Has Failed To Plausibly Allege A Counterfeiting Claim ....................4

B. Plaintiff Has Failed To State Any Trademark Infringement Or False Endorsement Claims, Since He Has Not Plausibly Alleged A Likelihood Of Consumer Confusion ....................5

1. Likelihood Of Confusion Can And Should Be Determined As A Matter Of Law ....................5

2. The Amended Complaint Does Not Allege Any Facts Suggesting Or Supporting Likelihood Of Confusion ....................6

a) Strength of the Mark....................8

b) Degree of Similarity Between the Marks ....................9

c) Proximity of the Products ....................10

d) Likelihood that the Prior Owner will Bridge the Gap ....................11

e) Proof of Actual Confusion....................11

f) Defendants' Good Faith in Adopting its Own Mark ....................11

g) The Quality of Defendant's Product....................12

h) The Sophistication of the Buyers....................12

II. PLAINTIFF IS NOT ENTITLED TO RELIEF ON ANY OF HIS OTHER CLAIMS...12

III. AMENDMENT WOULD BE FUTILE....................13

CONCLUSION....................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahmed v. GEO USA LLC*,
No. 14 Civ. 7486 (JMF), 2015 WL 1408895 (S.D.N.Y. Mar. 27, 2015) ....7, 9, 13

*Brennan's, Inc. v. Brennan's Rest.*,
L.L.C., 360 F.3d 125 (2d Cir. 2004) ....10

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
11 F. Supp. 3d 317 (E.D.N.Y. 2014) ....7

*Dow Jones & Co., Inc. v. Int'l Sec. Exch., Inc.*,
451 F.3d 295 (2d Cir. 2006) ....3

*Energy Intelligence Grp., Inc. v. UBS Fin. Servs., Inc.*,
No. 08 Civ. 1497 (DAB), 2009 WL 1490603 (S.D.N.Y. May 22, 2009) ....13

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*,
590 F. Supp. 2d 625 (S.D.N.Y. 2008) ....6, 12

*Le Book Publ'g., Inc. v. Black Book Photography, Inc.*,
418 F. Supp. 2d 305 (S.D.N.Y. 2005) ....6, 10

*Lopez v. Bonanza.com, Inc.*,
No. 17 Civ. 8493 (LAP), 2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019) ....3, 4, 13

*Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*,
868 F. Supp. 2d 172 (S.D.N.Y. 2012) ....6

*Mills v. Polar Molecular Corp.*,
12 F.3d 1170 (2d Cir. 1993) ....3

*Naked Cowboy v. CBS*,
844 F. Supp. 2d 510 (S.D.N.Y. 2012) ....11, 12

*Polaroid Corp. v. Polarad Elecs. Corp.*,
287 F.2d 492 (2d Cir. 1961) ....7, 8

*Pub. Free Will Corp. v. Verizon Commc'ns Inc.*,
No. 15 Civ. 6354 (RRM)(JO), 2017 WL 1047330 (E.D.N.Y. Mar. 17, 2017) ....6, 7, 9

*Roberts v. Bliss*,
229 F. Supp. 3d 240 (S.D.N.Y. 2017) ....6

*Star Indus., Inc. v. Bacardi & Co.*,
412 F.3d 373 (2d Cir. 2005) ....................11

*TechnoMarine SA v. Jacob Time, Inc.*,
905 F. Supp. 2d 482 (S.D.N.Y. 2012) ....................5, 6, 11, 12

*Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council*,
687 F. Supp. 800 (S.D.N.Y. 1988) ....................7

*Yanes v. Ocwen Loan Servicing LLC*,
No. 13 Civ. 2343 (JS), 2015 WL 631962 (E.D.N.Y. Feb. 12, 2015) ....................3

**Statutes**

15 U.S.C. § 1064....................12

15 U.S.C. § 1114(1)(a) ....................5

15 U.S.C. § 1125(a) ....................5, 7

15 U.S.C. § 1127....................4

17 U.S.C. § 203....................13

18 U.S.C. § 2320....................4

28 U.S.C. § 1338....................13

New York General Business Law § 349....................3, 12

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(6)....................*passim*

Defendants Dunkin' Donuts Realty Investment LLC, Dunkin' Brands, Inc, Baskin-Robbins LLC, Dunkin' Donuts USA LLC, Mister Donut of America LLC (together, "Defendants")[1] submit this memorandum of law in support of their motion to dismiss the Amended Complaint filed by Plaintiff David Grazette ("Plaintiff") pursuant to Rule 12(b)(6), Fed. R. Civ. P. For the reasons stated below, the Amended Complaint should be dismissed in its entirety with prejudice.

## PRELIMINARY STATEMENT

Plaintiff accuses Defendants of "trafficking in counterfeit goods" and using a "counterfeit mark," but he has not alleged any facts supporting this very serious claim. He also appears to allege, again without any factual support, that Defendants have infringed his trademark rights under the Lanham Act and also violated New York law prohibiting deceptive business practices. His Amended Complaint consists of accusations, incongruous statements about Dunkin' franchise locations[2] and an assortment of "interested parties," and Plaintiff's trademark registration. The few facts alleged do not support any plausible claim for relief, nor do they give Defendants fair notice of the claims against them.

Nonetheless, with little more than threadbare allegations, he brings this action, leveling serious accusations against Defendants along with a litany of other business entities and

---

[1] The Amended Complaint was served on the designated agent for Dunkin' Realty Investment LLC via priority mail that was postmarked on September 10, 2019 and delivered on September 12, 2019. Waiver of service forms were sent to the designated agent for Dunkin Brands, Inc. on October 21, 2019, and on the designated agents for Baskin-Robbins LLC, Dunkin Donuts USA LLC, and Mister Donut of America LLC on October 22, 2019. To the extent the Amended Complaint alleges claims against other Dunkin' entities that have not been properly served with the Amended Complaint or a waiver of service, the arguments set forth in this motion apply equally to those parties, against whom all claims should also be dismissed with prejudice.

[2] As used herein, "Dunkin'" refers to Defendants as well as to other Dunkin' entities that have not yet been served.

individuals, seeking substantial remedies in return. Because his claims are factually baseless and legally deficient even under the liberal pleading standards afforded to *pro se* plaintiffs, and for all the reasons stated below, the Amended Complaint should be dismissed with prejudice.

## BACKGROUND

In the Amended Complaint, Plaintiff alleges that the use by Dunkin' of an XO graphic (the "XO Graphic") on certain promotional gift cards sold at certain Dunkin' franchise locations and on the Dunkin' website infringes Plaintiff's rights in and to a registered trademark, which he refers to as "Sprinkle Roger" (the "Sprinkle Roger Mark").

The Sprinkle Roger Mark is registered in connection with Class 30 goods and services, specifically, "Vegan and gluten free doughnuts[.]" ECF No. 5 at p. 184. Plaintiff describes the Sprinkle Roger Mark in his certificate of trademark registration (Reg. No. 5,825,406) as follows: "consists of a circular face designed [sic] shaped like a donut consisting of two x shapes [sic] eyes and a smaller inner circular nose in the middle with sprinkles within the outer circle and cross bones underneath." *Id.* These features, shown in black and white, form the following:



By contrast, Dunkin's image is a colored graphic of "XO"—a colloquial term for "hugs and kisses"—that is used on certain promotional gift cards sold at Dunkin' franchise locations and on the Dunkin' website. The graphic, set against a pink background, features an "X" as a white bubble letter and an "O" in the form of a doughnut with pink frosting and rainbow sprinkles. Dunkin's own trademarked and service-marked brand name appears in white bubble letters below the "XO":

The Amended Complaint appears to allege claims under the Lanham Act, other federal statutes, and New York General Business Law ("GBL") § 349 against a litany of defendants including several Dunkin' corporate entities, Dunkin' franchise locations, unrelated companies such as BBDO New York and Leo Burnett, as well as certain individuals. *See generally* ECF No. 5. The Amended Complaint seeks sweeping remedies, including but not limited to damages in the amount of $5,000,000, forfeiture by defendants of "all royalties, earned from the [XO] gift card," an order that Defendants "agree[] to SHARE any/all . . . intellectual properties, and/or trade secrets involving the production process with" Plaintiff, *id.* at p. 199, and "fully paid 2021 Boston Marathon Guaranteed Entry." *Id.* at p. 269.

## LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept as true the factual allegations of the" Counterclaims. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993)). But the Court should not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Yanes v. Ocwen Loan Servicing LLC*, No. 13 Civ. 2343 (JS) (ARL), 2015 WL 631962, at *2 (E.D.N.Y. Feb. 12, 2015) (internal citation omitted). And in the trademark context, courts have held that the assertion of trademark infringement—without any factual allegations describing the nature of the infringement—does not give defendants fair notice of the claims against them. *Lopez v. Bonanza.com, Inc.*, No. 17 Civ. 8493 (LAP), 2019 WL 5199431, at *12 (S.D.N.Y. Sept. 30, 2019). *Accord Dow Jones &*

*Co., Inc. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307–08 (2d Cir. 2006) (affirming dismissal of complaint for failure to state trademark infringement claim).[3]

As set forth below, the Amended Complaint fails to state a claim and, because further amendment would be futile, it should be dismissed with prejudice.

## ARGUMENT

### I. THE AMENDED COMPLAINT FAILS TO STATE ANY COGNIZABLE LANHAM ACT CLAIM

Plaintiff's Amended Complaint, which in relevant part contains a list of statutes and conclusory allegations, fails to state any claim upon which relief can be granted.

#### A. Plaintiff Has Failed To Plausibly Allege A Counterfeiting Claim

To start, Plaintiff's baseless allegation that Dunkin' is "[t]rafficking in counterfeit goods or services,"[4] (ECF No. 5 at p. 179) fails to state a counterfeiting claim.

Plaintiff cannot identify a counterfeit mark, and his attempt to describe the XO Graphic as such should be rejected outright. Apart from attaching the XO Graphic to his Amended Complaint, Plaintiff fails to allege any facts to support his conclusion that it is "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127 (defining "counterfeit"). A side-by-side comparison of the Sprinkle Roger Mark and the XO Graphic shows that they are not nearly "identical with, or substantially indistinguishable from," each other, 15 U.S.C. § 1127:

---

[3] Although *pro se* plaintiff filings are liberally construed, the same Rule 12(b)(6) motion to dismiss standard applies to motions to dismiss *pro se* pleadings. *Bonanza.com, Inc.*, 2019 WL 5199431, at *11 (internal citations omitted).

[4] Plaintiff cites 18 U.S.C. § 2320—a criminal statute—as the alleged basis of this claim. But even if the Court were to construe this claim under its civil counterpart, it remains legally deficient.

 

Moreover, the Amended Complaint is devoid of any "evidentiary allegations based on falsified logos, inferior workmanship and materials, and combinations of colors and markings not found in a non-counterfeit product," the components of a prima facie case of counterfeiting. *TechnoMarine SA v. Jacob Time, Inc.*, 905 F. Supp. 2d 482, 488 (S.D.N.Y. 2012) (granting 12(b)(6) motion to dismiss counterfeiting claim). And no portion of the Amended Complaint supports a plausible inference that by using the XO Graphic, Defendants are "trying to or actually duping customers into the false belief that they were purchasing the 'real thing'"—meaning, Plaintiff's vegan and gluten-free doughnuts that he allegedly sells in connection with the Sprinkle Roger Mark. *Id.* at 489. Plaintiff's baseless accusations that Defendants are "trafficking in counterfeit goods" or using a "counterfeit mark" should be rejected, and any claims arising under this theory should be dismissed.

### B. Plaintiff Has Failed To State Any Trademark Infringement Or False Endorsement Claims, Since He Has Not Plausibly Alleged A Likelihood Of Consumer Confusion

Plaintiff's Lanham Act claims are equally deficient because, among other reasons, he has not plausibly alleged consumer confusion, which he must do to prevail under either a false endorsement or an infringement theory. *See, e.g.* 15 U.S.C. § 1114(1)(a); 15 U.S.C. § 1125(a)(1)(A).

#### 1. Likelihood Of Confusion Can And Should Be Determined As A Matter Of Law

Although the question of likelihood of confusion is typically fact-intensive, "a plaintiff is still required to allege facts regarding likelihood of confusion that would state a claim to relief

that is plausible on its face." *Pub. Free Will Corp. v. Verizon Commc'ns Inc.*, No. 15 Civ. 6354 (RRM)(JO), 2017 WL 1047330, at *4 (E.D.N.Y. Mar. 17, 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)) (granting 12(b)(6) motion to dismiss federal and state law trademark infringement claims). Courts routinely dismiss Lanham Act claims where "the court is satisfied that the products or marks are so dissimilar that no question of fact is presented." *Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*, 868 F. Supp. 2d 172, 182–83 (S.D.N.Y. 2012) (quoting *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 584 (2d Cir. 1990)) ("[A]llegations of confusion [we]re not plausible[.]"). *See, e.g. Roberts v. Bliss*, 229 F. Supp. 3d 240, 251 (S.D.N.Y. 2017) (Lanham Act claim dismissed under Rule 12(b)(6) where plaintiff "d[id] not plausibly allege that consumers are likely to be confused or misled into thinking that she endorsed" defendant's products); *TechnoMarine SA*, 905 F. Supp. 2d at 489 (dismissing trademark infringement claim where plaintiff "fail[ed] to assert sufficient facts to permit a plausible inference" of consumer confusion); *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 634-35 (S.D.N.Y. 2008) (granting motion to dismiss Lanham Act claim where plaintiff failed to allege any facts supporting consumer confusion which, in the court's view, was "simply not plausible"); *Le Book Publ'g., Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305, 312-13 (S.D.N.Y. 2005) (granting 12(b)(6) motion where the marks at issue were "blatantly different" and there was no likelihood of confusion as a matter of law).

**2. The Amended Complaint Does Not Allege Any Facts Suggesting Or Supporting Likelihood Of Confusion**

As a threshold matter, Plaintiff has not actually alleged any factual statements regarding consumer confusion. The narrative portion of his Amended Complaint, which spans pages 180 to 183, omits any description of the XO Graphic, fails to allege how it is at all similar to the Sprinkle Roger Mark, and does not state that consumers are confused. ECF No. 5 at p. 180–183.

Instead, Plaintiff asserts repeatedly, in conclusory fashion, that Defendants are using a "counterfeit gift card" and "counterfeit mark," *see, e.g.* ECF No. 5 at p. 182, ¶¶ 28, 29, 31; *id.* at p. 183, ¶¶ 33–39. These "broad statements—devoid of any factual detail—are plainly insufficient as a matter of law." *Ahmed v. GEO USA LLC*, No. 14 Civ. 7486 (JMF), 2015 WL 1408895, at *3 (S.D.N.Y. Mar. 27, 2015) (dismissing trademark infringement claim on 12(b)(6) motion because, in part, plaintiff failed to plead likelihood of confusion).

Courts have dismissed complaints under Rule 12(b)(6) with far more factual and detailed allegations than these threadbare accusations in the Amended Complaint. In *Ahmed,* for example, the plaintiff failed to adequately allege a likelihood of confusion even though he pleaded "that Defendant's use of the mark is 'confusingly similar' to Plaintiff's mark and that Defendant is using the mark 'to divert customers . . . [.]" 2015 WL 1408895, at *3–4. Similarly, in *Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council*, 687 F. Supp. 800, 813 (S.D.N.Y. 1988), plaintiff alleged that confusion was likely to occur and cited three specific occasions of alleged actual confusion. But the court dismissed the plaintiff's Lanham Act claim, noting that the instances of alleged confusion were not applicable, and that plaintiff had failed to engage with factors that measure likelihood of confusion (meaning, those set forth in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961) ("the *Polaroid* Factors")). And where plaintiffs "merely assert legal conclusions that track the text of 15 U.S.C. § 1125(a) and the *Polaroid* factors," this, too, is consistently held to be "insufficient to give rise to a plausible claim." *Pub. Free Will Corp.*, 2017 WL 1047330, at *4. *See also Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 345–46 (E.D.N.Y. 2014) (same). The Amended Complaint is far more deficient than the complaints in these examples. It must be dismissed.

Even construing his threadbare allegations in the most favorable light, Plaintiff still has not shown that consumer confusion is plausible, nor has he engaged with any of the *Polaroid* Factors, which courts use to measure likelihood of confusion: (1) the strength of the plaintiff's mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the prior owner will bridge the gap; (5) evidence of actual confusion; (6) defendant's good faith in adopting its own mark; (7) the quality of defendant's product; and (8) the sophistication of the buyers. *Polaroid Corp.*, 287 F.2d at 495. Each of the eight factors favors Defendants. Weighed together, they show that there is no chance of consumer confusion between Sprinkle Roger Mark and the XO Graphic.

**a) Strength of the Mark**

Plaintiff has not plausibly alleged that the Sprinkle Roger Mark is used connection with any goods or services that are actually offered to consumers, and thus his mark is weak. Plaintiff alleges that he made business cards and stickers with the Sprinkle Roger Mark on it (ECF No. 5 at p. 181), and that he "noticed his SPRINKLE ROGER stickers on computers and cell phones," *id.*, but he does not describe where or how he is using the Sprinkle Roger Mark in connection with the sale of doughnuts or any other goods or services. Plaintiff has never claimed to have a brick-and-mortar retail shop. And the only information he gives about his alleged doughnut business, listed on page 185 of the Amended Complaint, directs to a website (www.AndDoughnut.com) that, at least of the filing of this memorandum, is not working. *See* ECF No. 5 at p. 185.[5] In short, the Amended Complaint fails to offer any factual allegations

[5] On October 18, 2019, months after he filed his Amended Complaint, Plaintiff filed a "Notice…of Website Account and Instagram Account," ECF No. 35, which lists a new web address and an Instagram handle for his alleged business. This document has no bearing on the sufficiency of the allegations in the Amended Complaint and should not be considered on this motion to dismiss. But even if the Court takes it into consideration, it shows only that Plaintiff

suggesting that the Sprinkle Roger Mark is strong. *Ahmed*, 2015 WL 1408895, at *3 (allegations that plaintiff's mark "'has been in continuous and substantial use since June 23, 2004,' and that the mark is 'inherently distinctive'" were "plainly insufficient as a matter of law" to show the strength of his mark).

**b) Degree of Similarity Between the Marks**

Plaintiff "provides no facts in [his] amended complaint sufficient to suggest that the marks, as a whole, are confusingly similar." *Pub. Free Will Corp.*, 2017 WL 1047330, at *4 (conclusory allegation that defendant engaged in "a multi-medium advertising blitz with a very similar mark," were not sufficient to show similarity). No factual allegations could ever support an inference that the marks are similar, since a visual comparison shows that they are strikingly different.

The Sprinkle Roger Mark, which Plaintiff's own registration materials describe as a face-like image with eyes, a nose, and a mouth, could not conceivably be confused with the XO Graphic. The overall tone and aesthetic of the Sprinkle Roger Mark, drawn in cartoonish black and white and shown on the far right of the below images, evokes ominous popular generic cartoons like a skull and crossbones or a dead face:

By contrast, the XO Graphic, a colored photographic image, has no facial features whatsoever. It displays the word "Dunkin'" in prominent white letters against a pink backdrop and is

---

has managed to construct a barebones website and social media platform, and does not confirm that Plaintiff is actually using his Sprinkle Roger Mark in connection with providing goods and services to consumers.

obviously intended to be displayed in a horizontal position, unlike the vertically-aligned Sprinkle Roger Mark. In addition, the "X" aspect of the XO Graphic does not display the bones set out in the Sprinkle Roger Mark but merely uses an oversized letter X. Combined with the "O", these images in popular culture denote "hugs and kisses." The XO Graphic thus is designed to evoke the love and cheer associated with holidays like Valentine's Day and Mother's Day. A simple comparison of the uses shows how different they are:

"The 'degree of similarity' element here overwhelms any possibility of confusion," as "plaintiff and defendants here have obviously dissimilar marks." *Le Book Publ'g., Inc.*, 418 F. Supp. 2d at 311-12 ("The cumulative effects of the dissimilarity of the marks . . . dispels any confusion consumers might have," and "[t]herefore, plaintiff's claim for trademark infringement fails as a matter of law.").

**c) Proximity of the Products**

This factor, which considers whether and to what extent Plaintiff's and Defendants' products compete with each other, also suggests no likelihood of confusion. *Brennan's, Inc. v. Brennan's Rest.*, L.L.C., 360 F.3d 125, 134 (2d Cir. 2004) (stating that this factor comprises "two elements, market proximity and geographic proximity" and noting that "geographic remoteness" can be "critical"). As previously stated, Plaintiff has failed to plausibly allege that he is offering *any* products to consumers in connection with the Sprinkle Roger mark. But even if he were doing so, Plaintiff markets to gluten free and vegan consumers, and sells only

doughnuts—a narrow market that is different from Defendants'. This factor supports the conclusion that there is no likelihood of confusion.

**d) Likelihood that the Prior Owner will Bridge the Gap**

To the extent that Plaintiff alleges that he uses the Sprinkle Roger Mark to sell doughnuts, the Sprinkle Roger Mark and XO Graphic are already in competitive proximity, so this factor is irrelevant. *See, e.g. Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 387 (2d Cir. 2005).

**e) Proof of Actual Confusion**

The Amended Complaint fails to allege facts that plausibly suggest actual confusion. *TechnoMarine SA*, 905 F. Supp. 2d at 489 (plaintiff's allegations "f[ell] short of alleging facts amounting to actual confusion"). Plaintiff fails to point out any instances of actual confusion, or articulate how a consumer might be confused. He alleges no facts suggesting that consumers going to Dunkin' franchise locations and purchasing promotional gift cards with the XO Graphic on them would actually be confused as to the source of the products they were buying. Here, where "the Complaint contains no allegations of actual confusion," this factor suggests that there is no likelihood of confusion as a matter of law. *Naked Cowboy v. CBS*, 844 F. Supp. 2d 510, 517 (S.D.N.Y. 2012) (false endorsement claim dismissed on 12(b)(6) motion).

**f) Defendants' Good Faith in Adopting its Own Mark**

Plaintiff has alleged no facts suggesting that Defendants acted in bad faith. *Id.* As previously discussed, Plaintiff has failed to plausibly allege that he has earned good will with consumers by using the Sprinkle Roger Mark in connection with any goods and services. But even if he had, he fails to allege how Dunkin' knew of or intended to capitalize on that good will.

#### g) The Quality of Defendant's Product

The Amended Complaint does not address this factor. This omission also supports a finding that likelihood of consumer confusion is implausible. *See id.* (noting that "despite numerous references to the high quality of Plaintiff's brand, the Complaint alleges no facts that suggest that Defendants' product is of low quality").

#### h) The Sophistication of the Buyers

Plaintiff does not make any factual statements about the sophistication of his alleged buyers, and this silence is enough for the Court to conclude that this factor weighs against a finding of likelihood of confusion. *TechnoMarine SA,* 905 F. Supp. 2d at 489 (plaintiff failed to allege that its consumers were "unsophisticated" and therefore likely to be confused). To the extent the court can draw any inferences from Plaintiff's allegations, the allegations suggest that his buyers (to the extent they exist) are sophisticated, since they likely have dietary restrictions around gluten and animal products.

Thus, this factor weighs against a finding of consumer confusion, and together with the others, Plaintiff has failed to state any claim under the Lanham Act.

## II. PLAINTIFF IS NOT ENTITLED TO RELIEF ON ANY OF HIS OTHER CLAIMS

The remainder of Plaintiff's claims are similarly defective and fail to state cognizable causes of action under any factual scenario. Plaintiff's claim under GBL § 349 fails for the same reasons that his Lanham Act claims do. *Gottlieb Dev. LLC,* 590 F. Supp. 2d at 636 (noting that pleading standards under the Lanham Act and GBL § 349 are substantially the same and involve essentially the same analysis). As previously discussed, *see supra* Section I.A, Plaintiff's claim that Dunkin' is "[t]rafficking in counterfeit goods or services," (ECF No. 5 at p. 179) is meritless. The remaining statutes cited on page 179 of the Amended Complaint are inapplicable and/or do not provide private causes of action. *See, e.g.* 15 U.S.C. § 1064 (setting forth the bases

for a petition to cancel a trademark registration); 28 U.S.C. § 1338 (conferring original jurisdiction for trademark and other cases on district judges); 17 U.S.C. § 203 (setting forth conditions for termination of licenses of copyrights).

In sum, Plaintiff has failed to state any claims for which he is entitled to relief, and the Amended Complaint should be dismissed.

## III. AMENDMENT WOULD BE FUTILE

Where, as here, Plaintiff has already amended once, and his pleadings are still devoid of any merit such that further amendment would be futile, the Court can and should dismiss with prejudice. *See, e.g. Bonanza.com, Inc.*, 2019 WL 5199431, at *26 (dismissing all claims against all defendants, including federal trademark and false designation of origin claims brought by *pro se* plaintiff, with prejudice); *Energy Intelligence Grp., Inc. v. UBS Fin. Servs., Inc.*, No. 08 Civ. 1497 (DAB), 2009 WL 1490603, at *8 (S.D.N.Y. May 22, 2009) (dismissing false designation of origin and trademark infringement claims with prejudice); *Ahmed*, 2015 WL 1408895, at *5 ("[A] district court may deny leave to amend where, as here, amendment would be futile"). For all the reasons stated above, Plaintiff's claims are so infirm that no facts could support them. The Amended Complaint should be dismissed with prejudice.

## CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint with prejudice.

Dated: New York, New York
November 4, 2019

**FRANKFURT KURNIT KLEIN & SELZ P.C.**

By: *_/s/ Edward Rosenthal_*
Edward H. Rosenthal
Lily Roos
28 Liberty Street
New York, New York 10005
Tel: 212-980-0120
erosenthal@fkks.com
lroos@fkks.com

*Attorneys for Defendants Dunkin' Realty Investment LLC, Dunkin' Brands, Inc., Baskin-Robbins LLC, Dunkin' Donuts USA LLC, and Mister Donut of America LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2019, I served Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Amended Complaint upon the following by Federal Express Overnight delivery:

Mr. David I. Grazette
212 Lewis Avenue
Brooklyn, New York 11221

*Pro Se Plaintiff*

Jason Currie