UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DAVID I GRAZETTE,

                      Plaintiff,

           v.

BITCOIN OF AMERICA, LLC, et al.,

                      Defendants.
-----------------------------------------------------------------

**ORDER**
19-CV-4837 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff David I Grazette, proceeding *pro se*, commenced the above-captioned action on August 22, 2019, and filed an amended complaint on September 9, 2019, against Defendants Dunkin' Realty Investment LLC, Dunkin' Brands Inc., Baskin-Robbins LLC, Dunkin' Donuts USA LLC, and Mister Donut of America LLC (the "Dunkin' Defendants"), and Gabrielle S. Roth, among others,[1] asserting that the design on a gift card sold by the Dunkin' Defendants "counterfeit[s]" the trademarked logo for his doughnut shop and therefore violates section 32 of the Lanham Act, 15 U.S.C. § 1114, section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and section 349 of the New York General Business Law. (Compl., Docket Entry No. 1; Am. Compl. 179, Docket Entry No. 5.) In addition, Plaintiff brought an unfair business practices claim against Roth. (Am. Compl. 182.) On September 30, 2020, the Court dismissed with prejudice Plaintiff's claims against the Dunkin' Defendants, dismissed without prejudice his claim against Roth, denied further leave to amend as futile, and ordered Plaintiff to show cause by December

---

[1] The Amended Complaint names a more extensive list of defendants. (*See generally* Am. Compl. 7–29.) Roth is named separately as a defendant. (*Id.* at 185.) Because the Complaint and Amended Complaint are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

4, 2020, why it should not dismiss the claims against all other Defendants. (Mem. and Order ("September 2020 Order") 22–23, Docket Entry No. 61; Order dated Nov. 12, 2020.) On November 12, 2020, Plaintiff filed a notice of appeal, but has yet to respond to the Court's order to show cause,[2] (Notice of Appeal, Docket Entry No. 65), and on April 6, 2021, Plaintiff filed a one-page "Motion to Present New Evidence and Overturn Decision," citing a "recent trademark dispute" involving Nike Inc. and asserting that "[j]ust like Nike, I, David Grazette, [am] entitled to recover from[] the defendants . . . damages[] and profits from the [gift cards] sold." (Mot. for Recons., Docket Entry No. 68.) The Dunkin' Defendants oppose Plaintiff's motion, arguing that it is untimely and does not provide a basis for relief. (Letter dated Apr. 14, 2021, at 1–2, Docket Entry No. 69.)

---

[2] Since filing the notice of appeal, Plaintiff has also filed a letter requesting a jury in a different venue (i.e., the Southern District of New York). (Letter dated Nov. 30, 2020, Docket Entry No. 66.) In view of Plaintiff's failure to show cause as directed by the Court, the Dunkin' Defendants filed a letter requesting that the Court dismiss Plaintiff's remaining claims — a request they renew in their opposition to Plaintiff's current motion for reconsideration. (Letter dated Dec. 23, 2020, Docket Entry No. 67; Letter dated Apr. 14, 2021, at 2.) The filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Chevron Corp. v. Donziger*, No. 18-CV-2191, 2021 WL 821456, at *13 (2d Cir. Mar. 4, 2021) (same) (quoting *Griggs*, 459 U.S. at 56). Because Plaintiff's request for a jury in the Southern District is separate from the matters on appeal, the Court liberally construes it as a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) and denies the request because it is unsupported by any facts or arguments showing that venue is proper in the Southern District. *See Pinkard v. Baldwin Richardson Foods Co.*, No. 09-CV-6308, 2013 WL 1308713, at *9–10 (W.D.N.Y. Mar. 28, 2013) (collecting cases and denying motion to transfer venue where *pro se* plaintiff failed to assert any facts showing that venue would be proper and instead based motion solely on alleged bias). However, because the Court's order to show cause why Plaintiff's claims against the remaining defendants should not be dismissed was based on the Court's decision with respect to Plaintiff's claims against the Dunkin' Defendants, the Court invites the Dunkin' Defendants to submit a letter providing the legal support for their position that the Court retains jurisdiction to dismiss the claims against the remaining defendants during the pendency of the appeal.

2

The Court liberally construes Plaintiff's letter as a motion for reconsideration of the Court's September 2020 Order and, for the reasons discussed below, denies the motion.

## I. Discussion

The standard for granting a motion for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75–76 (2d Cir. 2016) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

As an initial matter, Plaintiff's April 2021 motion for reconsideration of the Court's September 2020 Order is untimely under Local Rule 6.3, which states that, "[u]nless otherwise provided by the Court or by statute or rule . . . , a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after

3

the entry of the Court's determination of the original motion." Local Civ. R. 6.3. However, even if Plaintiff's motion were timely, Plaintiff has failed to identify any controlling decisions or data that the court overlooked that might "reasonably be expected to alter the conclusion reached by the court" in its September 2020 Order. *Van Buskirk*, 935 F.3d at 54. Although Plaintiff is correct that Nike Inc. recently filed a trademark infringement lawsuit in the Eastern District of New York and received a favorable decision on a motion for a temporary restraining order, *see* Order, *Nike, Inc. v. MSCHF Product Studio, Inc.*, No. 21-CV-1679 (E.D.N.Y. Apr. 1, 2021), Docket Entry No. 18, that decision is not controlling on this Court.[3] *See, e.g.*, *Harty v. Spring Valley Marketplace LLC*, No. 15-CV-8190, 2016 WL 8710480, at *1 (S.D.N.Y. Jan. 22, 2016) ("Controlling decisions include decisions from [the United States Supreme Court and] the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the [same district]." (first alteration in original) (quoting *Heffernan v. Straub*, 655 F. Supp. 2d 378, 380–81 (S.D.N.Y. 2009))). Accordingly, the Court denies Plaintiff's motion for reconsideration.

---

[3] Nor are the cases factually similar. Plaintiff alleged that the Dunkin' Defendants' sale of gift cards depicting the enlarged letters "XO," with the "O" replaced by a sprinkled doughnut, over the word "Dunkin" infringes Plaintiff's "Sprinkle Roger" mark, which consists of a sprinkled doughnut over a pair of crossbones. (Am. Compl. 190.) In dismissing Plaintiff's trademark infringement claims for failure to plausibly allege a likelihood of confusion between the marks, the Court noted that while "[b]oth marks are associated with doughnut companies and include a sprinkle doughnut and crossed lines in the design, . . . the similarities end there." (Mem. and Order 17.) By contrast, *Nike, Inc.* involved allegations that the defendant customized Nike shoes still bearing Nike's trademark Swoosh logo to feature a satanic theme and then marketed the "Satan Shoes" using the Nike word mark, as well as evidence of consumer confusion in the form of calls to boycott Nike based on perceptions that it was endorsing satanism. *See, e.g.*, Complaint ¶¶ 1–2, 33–34, 41–42, *Nike, Inc. v. MSCHF Prod. Studio, Inc.*, No. 21-CV-1679 (E.D.N.Y. Mar. 29, 2021), Docket Entry No. 1. Nike voluntarily dismissed its lawsuit on April 9, 2021, dissolving the temporary restraining order. *See* Notice of Dismissal with Prejudice, *Nike, Inc.*, No. 21-CV-1679 (E.D.N.Y. Apr. 9, 2021), Docket Entry No. 21.

## II. Conclusion

For the reasons stated above, the Court denies Plaintiff's motion for reconsideration. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address of record.

Dated: April 19, 2021
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge